# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br>Plaintiff | Case No. 1:12-cv-26<br><br>Dlott, C.J.<br>Litkovitz, M.J. |
| vs | |
| FRED I. DAVIDSON, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

A defendant in a state-court civil action, Fred I. Davidson, has filed a *pro se* pleading entitled "Notice Of Removal And Demand For Jury Trial." By separate Order issued this date, Davidson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Davidson's pleading, which the Court construes as a petition for removal of the state-court action to this federal district court, to determine whether the Court has jurisdiction over the matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

It appears from the state court record provided by Davidson that he is a party-defendant in a mortgage foreclosure action initiated in the Clermont County, Ohio, Court of Common Pleas (Case No. 2011CVE01435). The complaint for foreclosure was filed on August 15, 2011 by the Bank of America, N.A., the holder of a certain promissory note and mortgage deed, against Davidson and five other defendants. Davidson was identified in the complaint as one of the individuals who failed to satisfy loan payment obligations required by the promissory note and mortgage deed. Davidson filed a motion to compel discovery, which was denied at a hearing held on December 30, 2011. Davidson alleges in his removal petition that the Bank of America, N.A., was granted summary judgment for foreclosure on December 30, 2011. It appears from the

record presented that Davidson filed a motion with the state court on January 11, 2012, requesting that findings of fact and conclusions of law be entered on the record. Upon review of the Clermont County Clerk of Courts' online docket report for Case No. 2011CVE01435 (*see* http://www.clermontclerk.org), it further appears that the matter remains pending before the state court on a motion to vacate judgment filed on January 9, 2012, which has been scheduled for evidentiary hearing on February 13, 2012.[1]

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed; where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Davidson premises his request for removal on the basis of the Court's diversity

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). *See also Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999); *Saint Torrance v. Firstar*, 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007).

jurisdiction. However, removal based on diversity of citizenship is proper only where the defendant is not a citizen of the forum state. The removal statute limits removal of actions premised on diversity jurisdiction to cases where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Therefore, even in cases where there is complete diversity among the parties, removal is barred by the presence of a properly joined and served defendant, who is a citizen of the forum state. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). In this case, because Davidson is an Ohio citizen, removal based on diversity of citizenship is barred under 28 U.S.C. § 1441(b).

Furthermore, the Court cannot discern a basis for federal question jurisdiction in this matter. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. Indeed, "it is now settled law that a case may *not*

3

be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metro. Life Ins.*, 481 U.S. at 63; *Chase Manhattan Mortg. Corp.*, 507 F.3d at 915.

Davidson has not met his burden of showing that this Court has original federal question jurisdiction over the mortgage foreclosure matter. The complaint for foreclosure filed in state court by the Bank of America, N.A., raises no issues arising under the Constitution or laws of the United States. The separate notice attached to the complaint, which is required by the Federal Debt Collection Practices Act (FDCPA) and merely notifies the defendants of their rights and obligations under the FDCPA, "cannot reasonably be construed as invoking a federally-created cause of action or as raising an 'actually disputed and substantial' federal issue." *See Chase Manhattan Mortg. Corp.*, 507 F.3d at 915 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Moreover, Davidson does not assert in his removal petition that the state-court action is premised on federal law. Even if a defense has been raised in the foreclosure proceeding based on the FDCPA or other federal statute, the existence of such a defense is insufficient to support federal question jurisdiction as a basis for removal of the state-court action to this Court. *See Franchise Tax Board*, 463 U.S. at 8-12; *Chase Manhattan Mortg. Corp.*, 507 F.3d at 914-15; *Fed. Nat'l Mortg. Ass'n*, 868 F.2d at 194; *see also James v. Guaranteed Rate, Inc.*, No. 1:09cv38, 2009 WL 928285, at *1, *4 (S.D. Ohio Apr. 6, 2009) (Beckwith, J.; Hogan, M.J.)

4

(holding that the plaintiff failed to establish federal question jurisdiction over a foreclosure complaint filed by the mortgage holder in state court by arguing as a defense that the mortgage holder lacked a legal interest in the property and had violated the FDCPA). Therefore, federal question jurisdiction cannot be relied on as a basis for removal in this case.

Accordingly, the undersigned concludes that this Court lacks subject matter jurisdiction over this case. The plaintiff's removal petition should be denied and the matter remanded to the state court.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's removal petition be **DENIED** for lack of subject matter jurisdiction, and this case be **REMANDED** to the Clermont County, Ohio, Court of Common Pleas. *See* 28 U.S.C. § 1447(c).

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Mr. Davidson leave to appeal *in forma pauperis*. Davidson remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 1/19/2012

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BANK OF AMERICA, N.A.,
    Plaintiff,

vs

FRED I. DAVIDSON, et al.,
    Defendants.

Case No. 1:12-cv-26

Dlott, C.J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).